UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

                      Plaintiff,

-against-

RONALD PHILLIPS,

                      Defendant.

20 Civ. 8017 (GBD)

---

## [PROPOSED] JUDGMENT AS TO DEFENDANT RONALD PHILLIPS

Plaintiff Securities and Exchange Commission (the "Commission"), having filed a Complaint and Defendant Ronald Phillips having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 9(a)(1) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78i(a)(1)], by, directly or indirectly, by using the mails or any means or instrumentality of interstate commerce, or of any facility of any national securities exchange, or any member of a national securities exchange, for the purpose of creating a false or misleading appearance of active trading in any security other than a government security, or a false or misleading appearance with respect to the market for any such security:

(a) effecting any transaction in such security which involves no change in beneficial ownership thereof;

(b) entering an order or orders for the purchase of such security with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the sale of such security, has been or will be entered by or for the same or different parties; or

(c) entering an order or orders for the sale of such security with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the purchase of such security, has been or will be entered by or for the same or different parties.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Exchange Act Rules 10b-5(a) and (c) promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud; or

(b) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 17(a)(1) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(1)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to employ any device, scheme, or artifice to defraud.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Securities Act Section 20(d) [15 U.S.C. § 77t(d)] and Exchange Act Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall also be prohibited from acting as

an officer or director of any issuer that has a class of securities registered pursuant to Exchange Act Section 12 [15 U.S.C. § 78l] or that is required to file reports pursuant to Exchange Act Section 15(d) [15 U.S.C. § 78o(d)]. The Court shall determine the amounts of the disgorgement and civil penalty, and the length of officer and director bar, upon motion of the Commission. Prejudgment interest shall be calculated from March 8, 2018, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement, civil penalties, and/or an officer and director bar, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement, civil penalties, and/or an officer and director bar, the parties may take discovery, including discovery from appropriate non-parties.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in

connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: OCT 0 2 2020

*George B. Daniels*
HON. GEORGE B. DANIELS
United States District Judge